# Hand and Hand v. Bailey & Goodwin, Appellants.

*Negligence—Automobiles—Questions for jury.*

Where, in an action of trespass to recover damages sustained by reason of a collision between plaintiffs' automobile and defendants' truck, the evidence was that neither driver had a clear view because dead leaves were burning near the curb, and produced a great volume of smoke, and the facts as to the speed of defendants' truck, opportunity to see, and caution in going through the smoke were disputed, the case was for the jury, and could not be decided as a matter of law.

Argued October 26, 1921. Appeal, No. 207, Oct. T., 1921, by defendants, from judgment of C. P. Clearfield County, Dec. T., 1920, No. 206, on verdict for plaintiffs in the case of John J. Hand and Richard Hand v. J. W. Bailey and J. E. Goodwin, trading as Bailey & Goodwin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover for damages to automobile. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $218.30, and judgment thereon. Defendants appealed.

*Errors assigned* were refusal of binding instructions, refusal to grant new trial, overruling motion for judgment non obstante veredicto, and the charge of the court.

*J. A. Gleason,* for appellants.—The burning of leaves upon the public highway was the intervening proximate cause of the accident, and the negligence, if any, of the driver of the truck was the remote cause for which there can be no recovery: McGrew v. Stone, 53 Pa. 436; Bannon v. P. R. R. Co., 29 Pa. Superior Ct. 231; Boggs v. Jewel Tea Co., 266 Pa. 428.

*John J. Pentz,* and with him *W. C. Pentz,* for appellees. —The verdict for the plaintiff, after the facts had been produced, establishes every fact essential to his recovery: Miller v. The Bank, 172 Pa. 197.

Where two parties are each guilty of negligence contributing to an injury, the tort of one is no defense in an action against the other: McKenna v. Gas Co., 198 Pa. 31; Dennison v. Somerset, etc., Co., 21 Pa. Superior Ct. 248; Tool v. D., L. & W. R. R., 27 Pa. Superior Ct. 577.

OPINION BY ORLADY, P. J., March 3, 1922:

The plaintiff below recovered a verdict in this case against the defendants, representing damages they sustained by reason of a collision of a delivery autotruck operated by an employee of the defendants with an automobile owned by the plaintiffs. The accident occurred at 5:30 p. m., on a public street in the City of DuBois. Owing to a property owner burning dead leaves along the curb of the street, a great volume of smoke was produced and prevented the drivers from having a clear view in front of them. Each had the right to use the street, with due regard to the right of like users. The speed at which the defendants' truck moved, the opportunity of the

chauffeur to see, his caution in going through the smoke
barrage and proceeding at a high rate of speed, and other
circumstances detailed by the witnesses, presented facts
that were disputed, and could only be solved by a jury.
The importance of ascertaining the proximate cause of
the injury was fully and fairly submitted under the rules
laid down in a number of Supreme Court cases: Boggs
v. Jewell Tea Company, 266 Pa. 428, and authorities
therein cited.

The defendants' driver had full control of the situa-
tion. The jury were fully warranted in finding that had
he proceeded at a lower rate of speed, even though his
view was obstructed by the smoke, the accident would
not have occurred. The liability of the abutting prop-
erty owner is not before us, and the verdict returned by
the jury was fully warranted by the testimony. The con-
troversy could not be decided as a matter of law, and
we see no reversible error in its submission to the jury.

The assignments of error are overruled and the judg-
ment is affirmed.