## German, Adr. *v.* Riddell, Appellant.

Argued April 15, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*Sidney D. Blackman,* with him *Sidney W. Blackman,* for appellant.

*John H. Stewart,* of *Siggins & Stewart,* with him *Alexander C. Flick,* for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

The defendant in this action of trespass was driving his car in a westerly direction on Route 6 in Sheffield Township, Warren County, shortly after 1 o'clock in the early morning of January 25, 1940. The concrete portion of the highway he was traveling is 18 feet wide with a dirt berm 5 to 6 feet in width on each side. Ten to twelve feet in the center of the road was clear but toward the outside edges there was snow, which gradually increased in depth, but was packed smooth and hard from the travel.

Riding with the defendant on the front seat on his right side was Steven German, a guest passenger. As the car came around a slight curve in the road the defendant saw the lights of another vehicle which he believed to be a truck or convoy approaching from the opposite direction and thereupon deflected the beam of his headlights, slowed up slightly and turned to the right. As the oncoming vehicle passed the defendant there was a swirl of light snow caused by its passage which temporarily obscured his vision. The defendant was unaware that in turning to the right he got off the concrete pavement onto the berm, which was frozen and apparently had a smooth surface, until the steering wheel suddenly gave a pull to the right and his front wheel entered a ditch. Then he attempted to steer to the left but before he could accomplish his purpose the automobile struck a culvert 4 feet long, 10 inches thick and 9 inches above the level of the berm, paralleling the road and five feet distant therefrom.

The only testimony of the actual happening of the collision and of the speed of the car was that given by the defendant, who was called by the plaintiff as on cross-examination. He said he had been travelling about 40 miles per hour, but had slowed down before passing the oncoming vehicle, about 100 to 200 feet east of the culvert. Measurements taken by police officers shortly after the accident showed that the defendant's automobile left the paved road 360 feet before it struck the culvert.

This action was brought by the administrator of the estate of Steven German who sustained fatal injuries, and resulted in a verdict in favor of the plaintiff in the sum of $500. The court below overruled defendant's motion for judgment n. o. v. and granted plaintiff's motion for a new trial because of the inadequacy of the verdict. The court in its opinion stated: "A new trial was granted, among other reasons, because the amount of the verdict was not in line with the testimony given in regard to contributions made by the decedent to the support of his parents. . . . . . . In our opinion we deem a retrial of the case necessary to do substantial justice in this case."

The sole assignment of error is to the court's refusal to enter judgment n.o.v. Orders refusing defendant's motion for judgment n.o.v. and granting plaintiff's motion for a new trial were entered on May 17, 1941, and evidently were signed about the same time. When a new trial was granted, which was not assigned as error, the verdict ceased to exist. There was no verdict then to be set aside. We said in *Kingsdorf v. Frank Gamburg, Inc.,* 147 Pa. Superior Ct. 84, 24 A. 2d 140: "The grant of a new trial sets aside both the verdict and the judgment, if any, entered upon it 'without any specific mention of either.'"

Notwithstanding that the defendant's motion could not be granted as there was no verdict to be set aside, we find no merit in the contention that the defendant's

request for binding instructions or for entry of judgment n. o. v. should have been granted.

The negligence averred in the plaintiff's statement of claim was that the defendant in a careless and negligent manner operated his automobile at an excessive rate of speed under the circumstances. The defense is that there is no proof to support that averment. It is true that the only testimony of the rate of speed was that of the defendant, but the inference to be drawn from his statements and from the attending circumstances as described by the other witnesses, was for the jury. They were not bound to accept defendant's estimate of his speed. In passing upon his credibility, which was for their consideration, they could reject his testimony notwithstanding it was uncontradicted: *Ross et al. v. Reigelman*, 141 Pa. Superior Ct. 293, 295, 14 A. 2d 591; *Ferguson v. Charis*, 314 Pa. 164, 169, 170 A. 131.

There were circumstances which justified the jury in determining the defendant was guilty of negligence. It is worthy of note that his car was not returned to the paved portion of the highway after the vehicle traveling in the opposite direction had passed, nor did the marks on the ground indicate that there was any attempt so to do. The defendant admitted that he was not blinded by the headlights of the other vehicle; that his vision was only momentarily affected by the whirling snow, and that he continued to drive between 100 and 200 feet after the vehicle had passed. According to testimony of the police officers it could be reasonably inferred that his car was on the berm of the road the entire distance of 360 feet before it collided with the culvert headlong. The jury could very well have concluded that if the defendant had not been driving at a rate of speed that constituted negligence under the prevailing conditions he promptly would have returned his car onto the concrete portion of the road. There was physical evidence after the accident of a high rate

of speed as his car was found on its side and completely demolished.

We coincide with the view of the court that at the end of the trial it would have been error to give binding instructions for defendant. The facts and inferences to be drawn therefrom were for the jury's, not the court's, consideration. In *Menner et al. v. Delaware & Hudson Canal Company*, 7 Pa. Superior Ct. 135, we said, p. 139: "While facts may be admitted, the conclusions to be drawn from them may remain a matter of controversy. To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared."

The appellate courts have uniformly held that they will not reverse an order awarding a new trial in a civil action where the court below is of the opinion that the interest of justice requires a retrial of the case, unless an abuse of discretion is disclosed, or unless an erroneous rule of law is certified by the trial judge as the sole reason for his action: *Weinfeld v. Funk*, 342 Pa. 160, 20 A. 2d 206; *Gettemy v. Grennan Bakeries, Inc.*, 145 Pa. Superior Ct. 405, 21 A. 2d 465, and *Powell et al. v. Garden Court Corp.*, 146 Pa. Superior Ct. 372, 22 A. 2d 605, are some of the recent cases that have considered the question of the extent of the trial court's authority to grant a new trial. We find no reason to reverse the lower court's action.

As the case will have to be retried, it is necessary to refer to an error the learned court below fell into at the trial in the exclusion of the evidence of the amount of the funeral expenses and similar costs. That evidence should have been admitted. The action was brought by an administrator of the deceased, who left a father and mother to survive and the administrator had paid these expenses from the estate. They were costs that were incurred as a result of this accident and if the defendant

was liable by reason of his negligence the plaintiff was entitled to recover all expenses that were incident thereto.

The Act of 1927, May 13, P. L. 992, §1, 12 PS §1604, provides that whenever any person authorized by law brings an action to recover damages for a death, he may recover reasonable funeral expenses of the deceased if the plaintiff has paid or incurred them. See, also, Rule 2201-29 of our Rules of Civil Procedure.

The order of the court below granting a new trial is affirmed.