## Burzese, Admrx., *v.* Beaver Valley Motor Coach Company, Appellant.

Argued September 27, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Thompson Bradshaw*, with him *Frank E. Reed*, of *Bradshaw, McCreary & Reed*, for appellant.

*Earl J. Schermerhorn*, of *Smith & Schermerhorn*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, October 15, 1943:

On a January night, during a heavy snowstorm, defendant's bus was proceeding southward from Beaver Falls to Ambridge along a thirty-six foot wide highway on which plaintiff's decedent was driving an automobile northward from Ambridge. The two vehicles came into collision with one another, and the question at the trial was: Who was at fault? The jury returned a verdict for plaintiff. Defendant moved for judgment n. o. v. on the ground that there was not sufficient evidence of negligence on its part to warrant the submission of the case to the jury and that the testimony showed that it was decedent's own negligence that caused the accident. The court overruled defendant's motion.

Undoubtedly the evidence presented by defendant would, had it been accepted by the jury, have established that it was solely decedent's reckless driving which brought about his death, for it indicated that decedent, with no lights on his car, had been weaving or zigzagging from one side of the road to the other, and that, when he was within a short distance from the oncoming bus, he had driven his car entirely across to the west curb from where he tried to swerve again to the right and in so doing came into collision with the bus. But the jury rejected this version of the happening of the accident.

Plaintiff's testimony, on the other hand, was to the effect (1) that the brakes of the bus were not in good working order, defendant's operator having admitted shortly before the accident that "his left rear wheel was locking on him" and, as he approached the rear of a bus ahead of him "if he applied his brakes it would throw him out and swerve into the line of traffic"; (2) that the bus was running "almost" (therefore, inferentially, not *entirely*) on its right side of the road; (3) that an automobile was seen by a passenger on the bus to approach, northbound, with its headlights lit, on the east side of the highway, and that, when it was 150 to 200 feet away, the operator of the bus applied his brakes and said "Look

out", whereupon the bus swung to the left, followed by a crash; (4) that this witness, looking out, saw no car without lights in front of the bus; (5) that the damage done to the two vehicles indicated that the contact had been between the left front side of decedent's automobile and the right front corner of the bus; (6) that after the brakes had been applied the bus swung around three times ending with its front pointed in the direction from which it had come, and that after the accident both vehicles lay on the east side of the highway; (7) that a witness saw that the headlights on decedent's car were lit at the time he started from Ambridge.

Could a jury properly find from this testimony that the accident happened solely through the fault of defendant? Our answer is in the affirmative. Admittedly there was only one crash or collision, and that was with decedent's car; if, then, according to the passenger on the bus, the only car in front of the bus immediately before the accident was the one with its headlights lit on the east side of the road, it follows that the collision which immediately thereafter ensued must have been with that car, and that that car was the car of decedent. Furthermore, if the application of the brakes caused the bus to swerve over to the left (as the operator had predicted it would do because of the defective condition of the brakes), and if it had theretofore been running, not fully, but "almost", on the west side of the highway, the swing to the left must have carried it still further from its proper course and toward the pathway of the oncoming car. This version of the accident is strengthened by the fact that the left front side of the automobile and the right front corner of the bus came into contact, which could quite naturally have resulted from the diagonal course of the bus toward its left. Finally, the fact that after the collision both vehicles were on the side of the road which was proper for the automobile and improper for the bus,—while, of course, not conclusive because of the intermediate skidding which took place,—is nevertheless of evidential significance. The cumulative weight,

therefore, of the evidence produced by plaintiff was such as to necessitate its presentation to the jury, and if the accident happened in the way thus claimed it would clearly have been due to the fault of defendant and not to any negligence on the part of decedent.

Judgment affirmed.