McElroy *v.* Rozzi et al., Appellants.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*William C. Robinson,* with him *Henninger & Robinson,* for appellants.

*Leo C. McCandless,* for appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

Plaintiff-appellee instituted this action of trespass against the appellants to recover damages which he sustained as the result of the alleged negligence of the appellants. The appellee was operating his automo-

bile in a southerly direction upon Legislative Route 10034 when it came into collision with a Euclid truck being operated by appellant Rozzi upon the business of the Ralph Myers Construction Company at a point where new State Highway Route 422 was being reconstructed upon a new location across Route 10034. The regular Highway No. 422 was closed and the road used by the appellee was one of the detours around the construction being carried on. The route across the new construction was used by the public generally as such and this fact was known to the appellant Rozzi. The truck was being operated across the detour road between two areas of new construction work on Route 422.

One week previous to the time of the accident when the appellee had proceeded along the same road, caution signs were in evidence and a flagman was present notifying him of the construction work in progress. Upon the afternoon of the collision there were no warning signs nor was there any flagman to warn the public of the construction work or of any dangers.

The appellee was following a jeep upon the highway at a distance of approximately two hundred feet. The jeep caused a cloud of dust to rise as it went across the new construction and swerved to avoid the Euclid truck. A bank on the side of the road prevented appellee from seeing the jeep swerve. He was then proceeding at a rate of speed of approximately twenty-five miles per hour. When he encountered the dust, he immediately applied his brakes and slowed his speed. As he proceeded into the dusty area, thirty feet in front of him the Euclid truck operated by Rozzi suddenly appeared crossing his right lane of travel. He then further applied his brakes and swung slightly to the left to avoid it but, nevertheless, collided with the left front wheel of the Euclid.

A verdict was rendered for the appellee. The court below refused to grant judgment n.o.v. or a new trial. Judgment was entered on the verdict, from which this appeal was taken.

The appellants contend that the appellee was guilty of contributory negligence as a matter of law for the reason that he did not have his motor vehicle under such control that he could stop within the "assured clear distance ahead", as set forth in The Vehicle Code, Act of May 1, 1929, P. L. 905, §1002, as amended, 75 P.S. §1002(a). This rule has frequently been applied to hold operators of motor vehicles guilty of contributory negligence for having driven into obstacles on the highway. *Metro v. Long Transportation Company*, 387 Pa. 354, 127 A. 2d 716; *Rich v. Petersen Truck Lines, Inc.*, 357 Pa. 318, 53 A. 2d 725.

However, this rule can not be applied in the instant case. Assured clear distance ahead means only a clear distance that can reasonably be depended upon. *Colonial Trust Company v. Breuer, Inc.*, 363 Pa. 101, 69 A. 2d 126. Pennsylvania cases clearly recognize that, where a motorist has been temporarily blinded by oncoming headlights, he is not required to come to a sudden or immediate stop and he is excused from strict adherence to the "assured clear distance" requirements of The Vehicle Code. *Maranca v. Philadelphia*, 394 Pa. 531, 147 A. 2d 413; *Coward v. Ruckert*, 381 Pa. 388, 113 A. 2d 287; *Young v. New York Auto Carrier Company*, 364 Pa. 351, 72 A. 2d 68; *Farley v. Ventresco*, 307 Pa. 441, 161 A. 534. Failure to stop when such temporary blindness occurs does not charge the non-seeing motorist with negligence per se.

It has been held in collision cases that the question of a driver's negligence, where he proceeds with obscured vision resulting from other causes, is for the jury: obstacles not apparent to driver, *Colonial Trust Company v. Breuer, Inc.*, supra; snowstorm, *Burzese*

*v. Beaver Valley Motor Coach Company,* 348 Pa. 95, 34 A. 2d 61; fog, *Schiele v. Motor Freight Express, Inc.,* 348 Pa. 525, 36 A. 2d 467; whirling snow from another vehicle, *German v. Riddell,* 149 Pa. Superior Ct. 647, 27 A. 2d 680; smoke, *Hand and Hand v. Bailey & Goodwin,* 78 Pa. Superior Ct. 207.

The "assured clear distance" rule is not applicable when there is evidence from which the jury might find extraordinary and disconcerting circumstances affecting the operator's judgment and actions. The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him. Assured does not mean guaranteed. *Fleischman v. Reading,* 388 Pa. 183, 130 A. 2d 429. It is the duty of the operator of a motor vehicle to have his car under control at all times. This means that in any situation reasonably likely to arise he will be able to stop his car before doing injury to any person or property. One is not bound to anticipate the negligence of another. *Schofield v. Druschel,* 359 Pa. 630, 59 A. 2d 919.

Further, it is clear from appellant Rozzi's testimony that the interval between the swerving of the jeep, which created the dust, and the approach of the appellee's automobile was but a matter of seconds. Therefore, there is a serious question here whether the appellee had sufficient time to do more than he did, even if it were required of him. Negligence will not be implied because of failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to appraise the situation and act accordingly. *Noll v. Marian,* 347 Pa. 213, 32 A. 2d 18; *Miller v. Southern Asphalt Company,* 314 Pa. 289, 171 A. 472. It cannot be said from the factual situation presented by this case that as a matter of law the possibility of an obstruction on the detour road seemed likely.

When the appellee saw the cloud of dust he immediately started to slow down in order to proceed safely. On the other hand, appellant Rozzi, while driving the Euclid truck from a point off the road and crossing the road at right angles to appellee, did not stop but, although the dust cloud obscured his vision also, blindly proceeded across the public highway then in use at a speed of 15 to 20 miles per hour.

When deciding whether a motion for judgment n.o.v. should be granted, the court must read the testimony in the light most favorable to the party receiving the verdict, who must be given the benefit of all facts and inferences from facts reasonably deducible from the evidence. *Maranca v. Philadelphia,* supra. It is only where the case is entirely clear and without question that contributory negligence can be declared as a matter of law. Therefore, as previously indicated, the appellee's contributory negligence was for the jury's determination and not for the court.

With regard to the question of negligence on the part of appellant William Rozzi, the testimony was also for the jury. In addition to there being a complete absence of signs and warnings of danger, Rozzi, himself, testified that he was traveling 15 or 20 miles per hour, that he had traveled only ten feet when the appellee's automobile struck his truck, that he did not stop prior to entering the highway, that the jeep created the dust in its effort to avoid his truck and he could not see because of it, and that he knew the road was used for a public highway.

The evidence of all parties, taken in the light most favorable to the appellee, gave the court below no alternative but to submit the issue of appellant Rozzi's negligence and appellee's contributory negligence to the jury.

Judgments affirmed.