419 A.2d 742

**Martha L. JOHNSON, Appellant,**

**v.**

**John J. O'LEARY.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed April 25, 1980.

224

George J. O'Neill, Philadelphia, for appellant.

Harry J. Bradley, Media, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

Martha L. Johnson, the appellant, was driving her automobile east on East Eagle Road in Havertown at 12:20 a. m. on July 16, 1971. As she passed Poplar Street she came over the crest of a hill and started down a substantial grade. The speed limit was 35 m. p. h.

As she came over the crest her headlights picked up a vehicle being driven by the appellee, John J. O'Leary, which had backed out of the O'Leary driveway onto East Eagle Road.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, are sitting by designation.

A collision took place between the vehicles resulting in personal injury to appellant and property damage to both vehicles.

Johnson sued O'Leary and O'Leary filed a counterclaim against Johnson. The jury denied recovery to either side by finding a verdict for O'Leary in the Johnson suit and a verdict for Johnson in the O'Leary counterclaim. It is assumed the jury found both parties negligent and therefore denied recovery by either.

O'Leary has not appealed but Johnson has, so only the *Johnson v. O'Leary* case need be considered. From the verdicts the parties have concluded that the sole issue is whether appellant Johnson was contributorily negligent so as to bar her recovery.

There is some conflict in the testimony but for the purposes of considering Motions for Judgment N.O.V. and for a New Trial, we must interpret the evidence most favorably to the verdict winner O'Leary. *Lyons v. Andrews, et al.*, 226 Pa.Super. 351, 313 A.2d 313 (1973).

The evidence of O'Leary was that he lived on the north side of East Eagle Road. When this happened he was driving to work and had stopped at the foot of his driveway and looked to the East and then to the West. Seeing no indication of approaching motorists, he backed onto East Eagle Road.

He had a car with automatic gear shift and after backing onto the road, he put the car in forward gear and drove 20 to 25 feet east when he was struck from the rear and pushed forward some 90 feet before he could stop his car.

The testimony of O'Leary was that he had an unobstructed view from his driveway to the west or up the hill. He further testified that he could see headlights of a car 253 feet to the west of his driveway because he had a neighbor drive his car east toward his driveway and marked and measured the position of the neighbor's car when he could first see its lights.

The O'Leary vehicle, according to appellee's testimony, was damaged on both the right rear and left rear.

While the testimony was somewhat confusing, O'Leary testified that he was present when the police measured around 70 feet of skid marks from the point where the accident happened west to Poplar Street. The report of the police makes no mention of this but nevertheless that was O'Leary's testimony.

The Johnson testimony was that the crest of the hill was 88 feet from the place of impact. It is her contention that O'Leary was backing up at five miles per hour when the collision took place and that the left front of her car struck the left rear of the O'Leary vehicle.

She disputes the skid mark testimony of O'Leary and stated that the skid marks of her car were 14 feet. She estimates her speed to be 30 m. p. h. as she came over the crest of the hill and that she applied her brakes as soon as she discovered the O'Leary car.

## I. WAS THE EVIDENCE SUFFICIENT FOR THE JURY TO FIND THE APPELLANT NEGLIGENT?

Appellant contends that the lower court erred in refusing appellant's motion for judgment n. o. v. on the issue of liability and refusing to grant a new trial on the issue of damages. Alternatively, appellant seeks a new trial.

We find no merit in appellant's position. Our analysis of the testimony in light of the verdict leads us to the conclusion that the trial judge properly submitted the question of appellant's and appellee's negligence to the jury.

Appellee's evidence would establish that when he reached the bottom of his driveway he looked east and then west and saw no lights of an approaching vehicle. In view of his experiment with a neighbor's vehicle, the appellee offered evidence from which the jury could conclude that appellant was more than 253 feet away at that time.

Appellee then backed out onto a two lane street and pulled forward some 20 to 25 feet when he was struck in the rear. Contrary to appellant's testimony, the jury could conclude that appellee's car had completed the backing out

process and was, at that time, going east on East Eagle Road.

Appellee testified that after his car was struck, it was pushed forward 90 feet before he could bring it to a stop. This testimony has relevance for two reasons. It is some evidence of appellant's speed and also some evidence that appellee was not in reverse gear or backing his car when he was struck.

Finally, the appellee testified that he saw the police measure 70 feet of tire marks from the point where the accident happened west to Poplar Street. While this testimony was unsubstantiated by the police report, it does appear of record.

From all these things we believe that appellant's case was for the jury. The testimony would support a finding of excessive speed or lack of control by the appellant from which the jury could conclude that appellant was not operating her car as a reasonably prudent person would under the circumstances.

We realize that the assured clear distance ahead rule [1] has been deflated somewhat in recent years as far as its strict applicability is concerned. Two opinions, *Fleischman v. Reading*, 388 Pa. 183, 130 A.2d 429 (1957), and *Notarianni v. Ross*, 384 Pa. 63, 119 A.2d 792 (1956) (dissenting opinion by Justice Musmanno) point out the impracticality of the rule when a motorist is coming over the crest of a hill. However, these opinions deal with the question of whether the assured clear distance ahead rule should be applied as a matter of law.

1. 75 P.S. 1002(a)–Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

Even assuming that the assured clear distance ahead rule is not applicable as a matter of law under these circumstances because the appellant was coming over the crest of a hill some 88 feet from the appellee, her negligence is still a question for the jury.

Appellant argues that if the assured clear distance ahead rule does not apply as a matter of law, then the court must determine that the appellant was not negligent as a matter of law. This reverse logic is unsound.[2]

Negligence is the failure to use due care under the circumstances. Even though appellant testified she was traveling 30 m. p. h. as she came over the crest of the hill, the jury, based on circumstantial evidence, may have determined the facts to be otherwise. Or the jury may have found that 30 m. p. h. was an excessive speed to travel at night over the crest of the hill and down the subsequent hill. There may be other examples, but the point is that appellee's testimony, if accepted by the jury, would support a finding of negligence by the appellant.

Our review of the record leads us to the conclusion that this matter was correctly handled by the trial court and that appellant's contention that the court should determine her freedom of liability as a matter of law, or in the alternative, grant appellant a new trial, is without merit.

## II. DID THE COURT ERR IN ITS HANDLING OF THE CLOSING ARGUMENT?

While the record does not disclose this,[3] it appears that defense counsel, during the course of his closing argument,

---

2. It has been held in collision cases that the question of a driver's negligence, when he proceeds with obscured vision resulting from other causes, is for the jury. Obstacles not apparent to driver, *Colonial Trust Company v. Brewer, Inc.*, 363 Pa. 101, 69 A.2d 126 (1949); snowstorm, *Burzese v. Beaver Valley Motor Coach Company*, 348 Pa. 95, 34 A.2d 61 (1943); fog, *Schiele v. Motor Freight Express, Inc.*, 348 Pa. 525, 36 A.2d 467 (1944); whirling snow from another vehicle, *German v. Riddle*, 149 Pa.Super. 647, 27 A.2d 680 (1942); dust, *McElroy v. Rozzi*, 194 Pa.Super. 184, 166 A.2d 331 (1960).

3. The record in this case is as follows:

stated to the jury that skid marks and stopping distance tables were available which proved that the appellant was not operating her vehicle so as to be able to stop within the assured clear distance ahead. Appellant's counsel objected to this reference to tables which were never introduced in evidence.[4]

The trial court, in its opinion, indicated that it corrected whatever prejudice appellee's remark created by charging the jury: "However, I charge you that if the assured clear distance is foreshortened by an act not under the driver's control or not the result of his negligence, the duty to stop within the assured clear distance does not apply."

■ We believe that a party who wishes to object to a closing argument that is not being stenographically recorded must interrupt the argument and object to the remarks. The trial judge should then direct the court stenographer to place upon the record the remarks as heard by the court; on his failure to do so counsel may place the remarks on record by affidavit. *Commonwealth v. Kerr,* 171 Pa.Super. 131, 89 A.2d 889 (1952); *Kuchinic v. McCrory,* 422 Pa. 620, 222 A.2d 897 (1966). If this procedure is not followed, then the

(Mr. O'Neill made an initial closing argument to the jury on behalf of the defendant.)

(Mr. Bradley made a closing argument to the jury on behalf of the defendant,) during which the following was reported:

MR. O'NEILL: I would object to anything that is not in evidence. I have no way of contesting that.

MR. BRADLEY: I was arguing forty–four feet per second.

THE COURT: You indicated that forty–four feet was not sufficient time within which to stop the car at thirty miles an hour.

MR. BRADLEY: I don't think that was in evidence.

THE COURT: That was not in evidence.

MR. O'NEILL: If he wants to reopen and introduce the evidence, I have no objection to that. I do think it ought to be in evidence rather than simply from counsel on summation.

MR. BRADLEY: I suspect we cannot open testimony.

THE COURT: We will note your objection. It is overruled. Go ahead.

(Mr. Bradley concluded his closing argument to the jury.)

(Mr. O'Neill made a final closing argument to the jury on behalf of the plaintiff.)

4. This information comes from the trial court's opinion.

appellate court has no record to review. It is the complaining party that has the duty to preserve the record, and, in this case, the appellant neglected to do so.[5]

From the testimony in this case it appears the appellant's contention is that the assured clear distance rule did not apply to her because the appellee entered into the assured clear distance from his driveway and was backing toward her when the collision took place. Additionally, the appellant argues that she could not stop within the assured clear distance because it was only 88 feet from the crest of the hill to the point of impact and she was only 14 feet away from the appellee when she applied the brakes sufficiently to leave skid marks.

Since it is the crux of appellant's argument that the assured clear distance ahead rule did not apply to her, we believe the lower court by its charge, corrected this matter and removed the effect, if any, of defense counsel's remarks.

We affirm the order of the lower court.

SPAETH, J., concurs in the result.

---

**5.** The appellant's counsel claims that he requested the trial judge to have the court stenographer take the closing arguments which the trial judge refused. This does not relieve the appellant of her obligation to preserve the record. *Kuchinic v. McCrory,* supra, 422 Pa. at 629, 222 A.2d 897.