509 A.2d 424

**Theresa ERKENS and John Erkens, her
husband, Appellants,**

**v.**

**C. Nicholas TREDENNICK, M.D.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1986.

Filed May 22, 1986.

Leonard E. Price, Pittsburgh, for appellants.

John W. Jordan, IV, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a judgment entered in favor of appellee, C. Nicholas Tredennick, M.D. We affirm.

Appellants, Theresa and John Erkens, instituted a medical malpractice action against appellee for damages sustained when Theresa Erkens suffered from an infection in her right eye and, thereafter, had permanent vision loss in that eye. Following a jury trial, a verdict was entered on behalf of appellee. A timely motion for post-trial relief was filed and denied. Judgment was then entered, and this appeal followed.

Six issues are raised by appellants: (1) the trial court erred in denying a motion in regard to the composition and questioning of the jury panel; (2) the trial court erred in automatically bifurcating the liability and damage issues; (3) the trial court erred by not striking the testimony of Dr. Swan; (4) the trial court erred in not entering judgment n.o.v.; (5) the trial court erred in not ordering a new trial; and, (6) the trial court erred in holding post-trial arguments prior to receipt of the transcript.

■ The first issue raised concerns whether it was error for the trial court to refuse to challenge for cause four potential jurors who indicated a relationship with appellee. The record reveals that the prospective jurors were asked whether they or members of their immediate families had been professionally attended by appellee. Four answered in the affirmative, at which time, each was individually questioned if this would prevent him or her from rendering a true and impartial verdict based solely on the evidence. Each of the four replied it would not, and two of these individuals did serve on the jury. Appellants contend the physician/patient relationship is a situational relationship which requires the trial court to presume the likeliness of prejudice. We, however, are unable to reach this issue because it has not been properly preserved for our review.

We are constrained to agree with appellee that although appellant did object to patients of one Dr. Wick serving as jurors, appellant made no record objection regarding patients of appellee. The following is the entire discussion of this issue contained in the transcript:

THE COURT: This is Theresa Erkens and John Erkens versus C. Nicholas Tredennick, M.D. It is docketed at A.D. No. 83–030 Book 123 Page 30. We are in chambers with respective counsel, Leonard Price for the plaintiff and Giles Gaca for the defendant. Mr. Price has a few things to put on the record before we begin. .

MR. PRICE: Okay. What I had said earlier to Judge Dillon was that if it turns out that any of the potential jurors on the panel are either patients of Dr. Wick or know him, I wanted them removed from the jury panel and to be replaced by other jurors who neither are or were patients of Dr. Wick or know him. And I think the Judge—well, you can—

THE COURT: My position is that I will follow that, if anyone knows him or is a patient, I will ask if that fact would prevent them from rendering a true and impartial verdict based solely on the evidence to be introduced and if they have a negative answer, you are going to have to

exercise a preemptory challenge. If it is a positive, they would be removed for cause.

MR. PRICE: And further, for the record, I would like to say that the jury list that I have contains ninety jurors' names and again, I say that out of a pool of ninety, I respectfully believe that the plaintiff's are entitled to have twenty jurors, none of who know Dr. Wick or patients of his and despite their disclaimer, they could not be fair and impartial, so forth. I still think they should not be allowed to sit as witnesses.

THE COURT: Well, you protected the record. What else do you have?

MR. PRICE: That's all.

N.T. 10/15/84, pp. 3–4.

It is critical to note that there was a Dr. Wick, a local physician, involved in the case as a potential defense witness. The prospective jurors were asked if they were friends or had been treated by Dr. Wick as well as any of the other physicians listed as witnesses. There were no affirmative replies. (N.T. 10/15/84, p. 10.)

Appellants do not attempt to explain why the record reflects only an objection to jurors with relationships with Dr. Wick. Rather, appellants contend they made a motion to challenge which included jurors who were patients of appellee. There is no written motion contained in the record and the oral motion which is part of the record only addresses jurors who knew or were patients of Dr. Wick.

The complaining party "has the duty to preserve the record, and, in this case, the appellant neglected to do so." *Johnson v. O'Leary*, 277 Pa.Super. 223, 230, 419 A.2d 742, 746 (1980). It is well settled that we cannot consider anything which is not put on the record, *McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 293 A.2d 51 (1972), and when a claim of error is not properly preserved, we are not permitted to consider that claim on appeal. *Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 342 A.2d 393 (1975).

█ Appellants next contend the trial court erred in ordering a bifurcation of the issues of liability and damages. Under Pa.R.C.P. 213(b), a trial court may, in furtherance of convenience, order a separate trial of any issue. While appellants again state an objection was made to the bifurcation, we find no such objection in the record before us, and this issue is, therefore, waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

█ The third argument proffered is whether the trial court erred by not striking the testimony of Dr. Swan because it did not rise to the level of certainty required. Appellants' expert had testified Mrs. Erken's eye infection resulted when appellee had removed sutures from the eye. Dr. Swan testified for appellee and opined, that given the surgical technique used, the infection did not result from the suture removal but could have been carried by the bloodstream.

It is within the discretion of the trial court to permit testimony from one expert showing that the facts do not support the opinion of another expert. *Schwartz v. Feldman*, 196 Pa.Super. 492, 175 A.2d 153 (1961). After reviewing the entire testimony of both experts in this case, we find no abuse of discretion. It is true that Dr. Swan did not state with reasonable medical certainty what did cause the infection, but his testimony was quite clear as to his basis for finding the suture removal did not cause it.

█ We also find no error in the trial judge's refusal to enter judgment n.o.v. A judgment n.o.v. may be entered only where no two reasonable persons could disagree the verdict was improper. *McCloskey v. New York Life Ins. Co.*, 292 Pa.Super. 1, 436 A.2d 690 (1981). This case became a battle of the experts and our review of the record finds more than adequate evidence upon which the jury could have based their verdict.

█ Appellant also argues a new trial should have been granted because the verdict is against the weight of the evidence. Viewing the evidence in its entirety, there was

sufficient testimony to contradict the alleged negligence. Appellee himself testified extensively as to his methods of treatment, and he was supported by two other defense experts.

■ Finally, appellants allege it was error to hold argument on their post-trial motions before the transcript was completed. Appellants concede they had not timely paid a deposit of partial transcript fee but state they would have paid such a fee if asked. Furthermore, appellants fail to explain how they were prejudiced by arguing their motion when scheduled. Although they contend "counsel was forced to rely on memory alone" (Brief for Appellants at p. 52), appellants do not give any instances where reference to the transcript would have altered their arguments. Indeed, appellants' use of the transcript in their appeal before us has not convinced us that any of these issues merits reversal. Therefore, we cannot say a new trial should be granted because they were forced to argue post-verdict motions orally prior to the receipt of the transcript.

Judgment affirmed.