Smithers et al., Appellants, *v.* Light.

Argued September 29, 1931. , Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Raymond E. Brown*, with him *Robert J. Dodds, John C. Bane, Jr.*, and *Reed, Smith, Shaw & McClay*, for appellants.

*Charles J. Margiotti, W. M. Gillespie, S. C. Pugliese* and *Edward Friedman*, for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 23, 1931:

Plaintiffs appeal from refusal to take off a nonsuit entered by the court below, which held that the evidence submitted was not competent to establish the contract alleged.

Appellants are stock brokers in Pittsburgh, with connections in New York City, and are members of the New York Stock Exchange. Their action was for recovery of damages for loss alleged to have been occasioned by defendant's repudiation of a telephone order to sell designated stocks owned by him. Appellee lives and has an office in Punxsutawney, Jefferson County.

Plaintiffs aver and the clerk in charge of receiving such orders in their Pittsburgh office testified that, on November 22, 1928, at about 9:40 A. M., he was instructed by telephone, by a person who said he was A. L. Light of Punxsutawney, to sell two blocks of

named stock at specified prices, and that he received a second call an hour or so later making inquiry as to the market on these stocks and altering the prices fixed in the earlier order; that on the same day, the order was executed and the sale communicated by telephone, by another of plaintiffs' employees, to defendant's office in Punxsutawney to a person who, in reply to the direct question, said he was A. L. Light, and approved the sale; that, under date of November 22, 1928, the sale was confirmed by notices sent by mail to and received by defendant, who wrote plaintiffs denying he had given instructions to sell and refusing to deliver the stock in question. On December 3, after vainly endeavoring, in personal interviews, to persuade defendant to surrender his shares, plaintiffs allege that, to fulfill the contract with the buyer to whom they sold on behalf of defendant, they purchased, at a higher market price, stock of the same quantity and kind, and the suit before us was brought to recover damages for their loss sustained by reason of defendant's failure to deliver his shares, amounting to $5,088.50.

The motion for a nonsuit was granted, and the court below subsequently refused to remove it because plaintiffs' evidence in support of their contention that they had received an order to sell from defendant was not of a character to warrant submission of the case to a jury. The court below did not rule the telephone conversations, as such, inadmissible, but held there was not competent proof that they were had with appellee.

Appellant's clerk, who testified to receiving by telephone the order to sell, admits he was not acquainted with Light and would not have recognized his voice, and, without effort to identify the person giving the order, passed it along and the stock was, plaintiff alleges, sold. Notification of the sale was given by telephone by another of plaintiffs' office force; this witness, however, testified, though he was informed Light was on the telephone and the person to whom he spoke said

he was A. L. Light, the witness had not himself placed the call, and does not claim to have recognized the voice of the person with whom he conversed. No direct evidence was offered to prove the telephone connection was actually with the office of appellee at Punxsutawney. Defendant (called by plaintiffs as if under cross examination) testified he was not in Punxsutawney on the date of the alleged order to sell the stocks in question and this is not denied. Plaintiffs now argue, though they did not do so in the court below, that, if the person who answered the telephone call was not defendant, to whom plaintiffs' agents talked, it was his office, and the person claiming to be defendant must have acted with authority. There is no such assertion in the statement of claim, and the very meager reference to such a possibility in the course of the hearing in the court below cannot be regarded as evidence on the point. However this may be, elemental rules of evidence require that the fact of a telephone conversation between plaintiffs' agents and defendant, or someone acting for him with authority, as alleged, should be proved, as a fundamental fact on which the whole case rested; this plaintiffs failed to do. Inasmuch as the identity of the person to whom plaintiffs talked was not established, it was the more necessary that the fact of the telephone calls between the two offices should be proved. "The rule requiring the identity of the speaker to be established is subject to a well recognized exception to the effect that, where the witness called the office of a party on the telephone, testimony as to a conversation had with a person answering the telephone and purporting to do so on behalf of the party is competent, although the witness did not recognize the voice of the person who spoke": 22 C. J. 193. "To entitle a party to a conversation by telephone to testify thereto, the identity of the other party must be shown, the fact that in the course of the conversation he stated that he was a certain person not being enough.

......Identification, however, may be established by circumstances. Thus a satisfactory method of identification exists in the introduction of the record of the telephone company": 1 R. C. L. 477. In Penna Trust Co. v. Ghriest, 86 Pa. Superior Ct. 71, 74, which plaintiffs cite, the witness himself called a designated number. In Reach v. National Bedding Co., 276 Pa. 471, this court said: "Telephone conversations with unidentified persons have been received in evidence where circumstances following the conversation indicate that the person who spoke was speaking with authority." All of which tends merely to the admissibility of the evidence, not to its weight after admission. In the case before us, the witness whose evidence is relied on as proof of the original transaction, did not make the call himself, the identification of the party called is not proved by telephone records or otherwise, and circumstances following the conversation are not in evidence indicating the person who spoke was speaking with authority; on the contrary, the evidence on the latter point is opposed to such an assumption.

Inasmuch as the court below states the nonsuit was granted on the ground that no contract was shown in the first place, it is not necessary to discuss the question of the competency of the proof of actual selling of stock, as alleged, for Light's account and the buying of other stock to take the place of that which he refused to deliver. It is sufficient to say, the proof of the transactions in question was lacking in positiveness and finality. One of the witnesses (Maher) largely relied on could not speak of his own knowledge on the essential points as to which he undertook to testify.

Attention is called to the failure of appellant to properly state the questions involved under our rules. It should not be necessary to remind appellants that Rule 50 requires the statement of questions involved to be "in the briefest and most general terms without ......particulars of any kind......The questions and

answers [of the court below] in their entirety......
not ordinarily [to] exceed twenty lines,"—which, from
the nature of the case, should not have been difficult.
Here we have a total, in the brief and supplementary
brief, of 52 lines (not including the unnecessary head-
ings), comprising what might better have served as a
history of the case than as a statement of the questions
involved in general terms.

The judgment of the court below is affirmed.