Commonwealth *v.* De Rohn, Appellant.

Argued December 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Elwood M. Malos,* with him *Robertson B. Taylor,* for appellant.

*Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 12, 1971:

On September 18, 1969, following a trial by jury, appellant was found guilty of first degree murder of one Grant White and sentenced to life imprisonment. Motions for a new trial and in arrest of judgment were denied and this appeal followed.

The sole issue before us on this appeal is whether the trial court committed error by admitting into evidence the testimony of a Commonwealth witness, Mrs. Grace Raub, mother of the deceased victim, concerning a telephone conversation she claimed to have had with the appellant on November 21, 1968.[1] Appellant al-

---

[1] Appellant also argues that the lower court improperly sustained the Commonwealth's challenge for cause of those potential jurors who on voir dire stated they could not vote for execution under any circumstances. It is conceded, however, that this position is directly contrary to the decision of the United States Supreme Court in *Witherspoon v. Illinois,* 391 U.S. 510, 20 L. Ed. 2d 776 (1968) and to this Court's decision in *Commonwealth v. Wilson,* 431 Pa. 21, 244 A. 2d 734 (1968). We see no reason to reconsider this holding.

leges that the testimony was prejudicial to his case and its erroneous admission dictates that he be granted a new trial.

Mrs. Raub testified that on November 21, 1968, at about 11:00 A.M., she answered a telephone call from a man who identified himself as William De Rohn, the appellant, and that he told her that he and her son Grant were to go together to the Lehigh Foundry and that Grant should meet him at "the trestle."[2] She further testified that her son then took the telephone and stated, "I'll meet you in a half hour or an hour at the trestle." Mrs. Raub stated that this morning was the last time she saw her son alive.

Cross-examination developed that Mrs. Raub had never before spoken with the appellant and, consequently, was unable to identify the voice on the telephone as his. A defense motion to strike the witness' testimony as incompetent was not immediately ruled upon pending receipt of corroborating circumstantial evidence by the Commonwealth to show appellant had made the telephone call in question.

The corroborating testimony was that of one Madeline Abel, who explained that she kept company with both the deceased and the appellant and that they sometimes appeared simultaneously in her home. She testified that on the evening of November 20, 1968 the appellant and the deceased were together in her home and that they made plans to go to the Lehigh Foundry looking for work; that on the next day, November 21, at about 1:30 P.M. the deceased appeared in her home stating that he had been waiting an hour for appellant at the bridge and asked if she had seen him; and that

---

[2] The lower court opinion points out that "the trestle" refers to a certain bridge which crosses the tracks of the Lehigh Valley Railroad, close to the Lehigh Foundry, in the City of Easton, Pennsylvania.

the last time she saw the deceased was when he left her house about an hour later walking in the direction of "the trestle".

The deceased's body was discovered two months later, on January 21, 1969, in a gully below "the trestle". It was clad in the same clothing as the deceased was wearing when last seen by Mrs. Abel on November 21, 1968. It had been riddled with four bullets.

The trial court declined to strike Mrs. Raub's testimony as to the telephone conversation on the ground that Mrs. Abel's testimony gave sufficient corroborative support to make it competent. Appellant argues to the contrary.[3] He relies upon *Burton v. Pacific Mut. L. Ins. Co.*, 368 Pa. 613, 84 A. 2d 310 (1951), which held that the recipient of a telephone call may not testify as to the conversation unless the voice of the caller can be identified.

Although the *Burton* holding has been sometimes characterized as a general rule,[4] a better statement of the rule is that the recipient of a telephone call can testify to the conversation whenever the identity of the calling party can be established by sufficient evidence,

---

[3] Although we discuss the merits of appellant's contention, it is unlikely that Mrs. Raub's testimony was prejudicial in light of Mrs. Abel's above noted testimony and the otherwise strong case which the Commonwealth presented. Thus Mrs. Abel further testified that after she had repeatedly asked appellant where Grant White had gone, appellant told her he had killed White by shooting him numerous times. Moreover, appellant himself took the stand and testified that he was waiting for the deceased at the trestle, close to where decedent's body was ultimately found, on November 21, 1968. Finally, a shell casing found several feet from decedent's body was proved to have been fired from a rifle discovered in the home of appellant's father.

[4] See generally 29 Am. Jur. 2d Evidence, §§380-86 (1967) ; McCormick, *Evidence*, §193 (1954) ; VII Wigmore, *Evidence*, §2155 (3d ed. 1940).

which may be circumstantial. Indeed, *Smithers v. Light,* 305 Pa. 141, 157 Atl. 489 (1931), cited in *Burton* as authority for its holding, states that identification "may be established by circumstances." The Court in *Smithers* in turn relied on *Reach v. National Bedding Co.,* 276 Pa. 467, 471, 120 Atl. 471 (1923), where it was said: "Telephone conversations with unidentified persons have been received in evidence, where circumstances following the conversation indicate that the person who spoke was speaking with authority." See also *Limestone Prod. & Sup. Co. v. Tom Brown, Inc.,* 198 Pa. Superior Ct. 375, 181 A. 2d 696 (1962); *Midland Credit Co. v. White,* 178 Pa. Superior Ct. 607, 115 A. 2d 788 (1955); *Commonwealth v. Gold,* 123 Pa. Superior Ct. 128, 135, 186 Atl. 208 (1936). Pertinent to our present fact situation is the statement of the Superior Court in the case last cited: "The Commonwealth was not confined to proof of familiarity with the voice of the person telephoning. . . . The fact that [appellant] was the person who telephoned . . . [the witness] is not to be distinguished from any other fact and may be proved by competent direct or circumstantial evidence." We may add that in some instances it would seem that voice identification might be the less reliable form of ascertaining who placed the telephone call.

In the case before us, the testimony was certainly sufficient to indicate that appellant placed the call in question and, accordingly, the lower court properly refused to strike the testimony concerning the conversation.

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of this case.