641 A.2d 11

**In re Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1040, Section 2, a Limited Access Highway in the City of Pittsburgh.**

**PIKUR ENTERPRISES, INC.**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided April 6, 1994.

Petition for Allowance of Appeal Oct. 21, 1994.

252

Jeffrey L. Giltenboth, Sr. Asst. Counsel, for appellant.

William P. Bresnahan, for appellee.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) denying DOT's motion for post-trial relief, seeking a new trial or judgment non obstante veredicto (JNOV). For the reasons which follow, we affirm.

The relevant facts of this case are not in dispute. Pikur Enterprises, Inc. (Pikur) was in the business of servicing corporate fleets. Thus, discarded automobile parts were added to Pikur's inventory as it repaired the corporate vehicles. Because of this practice, most of Pikur's inventory was acquired without cost to Pikur.

On January 3, 1985, DOT filed a declaration of taking in fee simple of, *inter alia,* the real property of Pikur as a result of the construction of a right-of-way for Legislative Route 1040 in the City of Pittsburgh. On March 8, 1985, Pikur filed a

petition for the appointment of a Board of Viewers and claimed damages to its real estate. Litigation over the value of the Pikur's real estate proceeded through a Board of Viewers to a jury trial.[1] On June 3, 1988, following the conclusion of the jury trial concerning the value of its real estate, Pikur amended its petition for the appointment of a Board of Viewers and sought a determination of the value of its machinery, equipment and inventory. This determination also proceeded through the Board of Viewers to a jury trial.

At trial, DOT filed a motion in limine seeking to exclude all testimony regarding the value of Pikur's inventory which did not utilize original cost to Pikur. The trial court denied DOT's motion, but certified the order to the Commonwealth Court after concluding that it was a controlling legal issue. Commonwealth Court denied the petition for permission to appeal and the trial proceeded. On February 5, 1993, the jury awarded Pikur damages in the amount of $843,205.

DOT filed a motion for post-trial relief, seeking a new trial or JNOV. By opinion and order dated July 20, 1993, the trial court denied DOT's motion. DOT appealed to this court.

■ On appeal, the following issues are presented: (1) whether the trial court erred in instructing the jury regarding just compensation; (2) whether the trial court erred in refusing to limit testimony concerning valuation of Pikur's inventory to original cost when most of Pikur's inventory was obtained without cost; and (3) whether the trial court erred in concluding that income tax records of Pikur were inadmissible for the purpose of establishing the value of Pikur's inventory.[2]

1. The jury awarded damages to Pikur in the amount of $180,000. In the present action, however, the award of damages for the taking of Pikur's real estate is not at issue. This appeal deals solely with the valuation of Pikur's inventory.

2. Our scope of review of an order of a trial court denying a motion for post-trial relief is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Milan v. Department of Transportation*, 153 Pa.Commonwealth Ct. 276, 620 A.2d 721, *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993).

■ With respect to the first issue, DOT contends that the trial court failed to recognize the distinction between statutory rights and constitutional rights. Specifically, DOT asserts that because this case involves the statutory right to special damages for displacement, the trial court should never have referenced just compensation or the constitution.

In support of its argument, DOT cites to the language of the Eminent Domain Code (Code).[3] Entitlement to "just compensation" is set forth in Article VI of the Code. Specifically, Section 601 of the Code provides that "[t]he condemnee shall be entitled to just compensation for the taking, injury, or destruction of his property, determined as set forth in this *article.*" 26 P.S. § 1–601 (emphasis added). DOT then asserts that because the statutory right to special damages is found in Article VI–A of the Code rather than in Article VI, special damages cannot be included as a measure of just compensation. We disagree.

Although the entitlement to just compensation is determined as set forth in Article VI, the Legislature has defined just compensation as "the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, *and such other damages as are provided in this code.*" 26 P.S. § 1–602(a) (emphasis added). In addition, the 1971 Report of the Joint State Government Commission which directly follows Section 602(a) states that "[t]he reference to "article" in the first paragraph of the section was changed to "code" because damages are now provided for in both Articles VI and VI–A.

Therefore, we conclude that while special damages may be statutory rather than constitutional in origin, they nonetheless fall within the definition of just compensation. *See Carlynton School District v. Hays,* 106 Pa.Commonwealth Ct. 383, 526 A.2d 843 (1987) (special damages were intended to supplement general damages in the sense that they were designed to make

---

3. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 to 1–903.

compensation more just). Accordingly, we further conclude that the trial court did not abuse its discretion in instructing the jury regarding just compensation.

■ The second issue presented concerns DOT's motion in limine seeking to exclude all testimony regarding the value of Pikur's inventory which did not utilize original cost. DOT asserts that the trial court should not have permitted any testimony which considered replacement cost of equivalent property as a factor in determining the value of Pikur's inventory.

Section 601–A(b)(1) of the Code provides in pertinent part that:

(b) Any displaced person who is displaced from his place of business or from his farm operation shall be entitled ... to damages for dislocation of such business or farm operation as follows:

1. Actual direct losses with reference to personal property, but not to exceed the greater of (i) the reasonable expenses which would have been required to relocate such personal property, or (ii) the value in place of such personal property as cannot be moved without substantially destroying or diminishing its value....

26 P.S. § 1–601A(b)(1).

At trial, Pikur and DOT stipulated that Pikur was a displaced enterprise which could not be relocated because another comparable site was not available. Because of this stipulation, dislocation damages in this case are limited to the "value in place of such personal property." 26 P.S. § 1–601A(b)(1)(ii). The term "value in place" is defined by regulation as "the value the personal property would have, installed in real property housing as a going business, considering such factors as original cost, delivery and installation costs, physical and economic depreciation and functional obsolescence." 37 Pa.Code § 151.1. Thus, according to DOT's own regulations, original cost is but one factor to be considered in determining the value in place of Pikur's inventory.

Moreover, we note that "original cost" is defined in the same regulations as "the amount paid by the displaced person for the personal property, as indicated by business records. *In the event of personal property which was obtained without cost* or for which there are no records, *the replacement cost of equivalent property at the time of sale shall be used.*" 37 Pa.Code § 151.1 (emphasis added). Because most of Pikur's inventory was obtained without cost, the regulations require valuation of that inventory at replacement cost of equivalent property at the time of sale. Accordingly, we conclude that the trial court did not err in refusing to limit testimony concerning valuation of Pikur's inventory to original cost.

 The third and final issue presented concerns DOT's efforts to use Pikur's tax returns for purposes of valuing Pikur's inventory. DOT asserts that because the income tax returns accurately reflected the value of the inventory, namely, the original cost to Pikur of the items purchased plus a nominal value of items that were not purchased, the trial court erred in not permitting the returns to be admitted into evidence. We disagree.

 It is well settled that questions concerning the admission or exclusion of evidence are matters within the trial court's discretion and will not be disturbed on appeal absent a clear indication that its discretion has been abused. *Henry v. McCrudden*, 133 Pa.Commonwealth Ct. 231, 575 A.2d 666, *petition for allowance of appeal denied*, 526 Pa. 651, 585 A.2d 470 (1990). A tax return which does not reflect actual value is inadmissible unless it has clear probative value. *Olson & French, Inc. v. Commonwealth*, 399 Pa. 266, 160 A.2d 401 (1960).

In the present action, the tax returns in question represent the cost of inventory items purchased by Pikur and the salvage value of inventory items obtained without cost to Pikur. Although this amount reflects the value DOT has continually asserted should have been placed on Pikur's inventory, it is not reflective of actual value in place as defined in the regulations previously discussed. Therefore, we conclude

that the tax returns were not clearly probative, and the trial court did not abuse its discretion in excluding them.

Accordingly, the order of the trial court dismissing DOT's motion for post-trial relief is hereby affirmed.

## ORDER

AND NOW, April 6, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.