Robert CHICCHI, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY
and Kurt Forsey.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided March 8, 1999.

Gerald T. Gervasi, Merion, for appellant.

Lionel Sharpless, Philadelphia, for appellees.

Before DOYLE, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Robert Chicchi (Chicchi) appeals from an order of the Court of Common Pleas of Philadelphia County denying his motion for post-trial relief in his action against the Southeastern Pennsylvania Transportation Authority and its locomotive engineer, Kurt Forsey (collectively, SEPTA). We affirm.

Chicchi commenced the instant action, alleging that he sustained serious injuries on April 20, 1994 at approximately 9:00 a.m., when he was struck by a commuter train operated by SEPTA, and that his injuries were caused by SEPTA's negligent, reckless, willful and wanton conduct.

At a jury trial held before the trial court, witnesses testified that they heard unusual blasts of continuous whistle of the approaching train before the accident, and that Chicchi, who was walking on the track at that time, did not respond to the whistle. Forsey testified that when he first saw Chicchi on the track, the train was travelling forty to forty-five miles an hour and was five to six car lengths away from Chicchi, and that pursuant to the procedures established by SEPTA for an emergency situation, he first blew the horn at least twelve times and then applied the emergency brake when Chicchi did not respond. Chicchi testified that he never heard the whistle of the approaching train before the impact.

Officer Carl Higgins of the Philadelphia Police Department testified that upon arrival at the accident scene, he found a playing walkman, earphones and vials used to package crack cocaine next to Chicchi lying on the ground. Officer Donald C. Lindenmuth testified regarding his investigation of the accident, including his telephone interview of Chicchi. The jury also heard the conflicting testimony of the parties' expert witnesses as to whether Forsey could have brought the train to a stop before striking Chicchi and the testimony of Chicchi's medical witnesses, Dr. Richard Adler, D.O. and Dr. George Feuer, a psychologist.

After the trial, the jury returned a verdict in favor of SEPTA. The jury found that SEPTA did not engage in any reckless and wanton conduct nor breached its duty of reasonable care at the time of the accident. Chicchi then filed a motion for post-trial relief seeking a new trial. After the trial court denied his motion, Chicchi appealed to this Court.[1]

---

1. This Court's scope of review of the trial court's decision denying a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *City of Chester v. Chester Redevelopment Authority*, 686 A.2d 30 (Pa.Cmwlth.1996), appeal denied, 548 Pa. 650, 695 A.2d 787 (1997).

Chicchi first contends that a new trial is warranted due to the trial court's erroneous evidentiary rulings on the admissibility of the following evidence: (1) the hospital records, including the drug screen test, consultation report, toxicology report and discharge summary, which indicated that the drug tests performed on April 20, 1994, the date of the accident, and April 29, 1994 showed that Chicchi was "suspected" of using cocaine;[2] and (2) the testimony of Officers Higgins and Lindenmuth that they found the crack cocaine vials next to Chicchi at the accident scene. Chicchi argues that the mere evidence of the consumption of cocaine is inadmissible to establish his physical impairment at the time of the accident and that such evidence should have been excluded because it is highly inflammatory and prejudicial.

■ Evidence is admissible when it is relevant to a fact sought to be proved. *Fernandez v. City of Pittsburgh*, 164 Pa.Cmwlth. 662, 643 A.2d 1176 (1994), *appeal denied*, 544 Pa. 637, 675 A.2d 1253 (1996). Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *Id.* "Prejudice" in this context means an undue tendency to suggest a decision on an improper basis. *Id.* A decision to admit or deny evidence, including expert testimony, is a matter within the trial court's sound discretion. *Pikur Enterprises, Inc. v. Department of Transportation*, 163 Pa.Cmwlth. 251, 641 A.2d 11 (1994), appeal denied, 539 Pa. 657, 651 A.2d 543 (1994). The trial court's evidentiary ruling will not be disturbed on appeal absent a manifest abuse of discretion. *Id.*

■ Generally, the mere evidence of a party's consumption of alcohol or controlled substance is inadmissible to prove recklessness or carelessness of the party, unless it is established that the party was intoxicated and physically impaired at the time of the accident. *Whyte v. Robinson*, 421 Pa.Super. 33, 617 A.2d 380 (1992); *Hawthorne v. Dravo Corp., Keystone Division*, 352 Pa.Super. 359, 508 A.2d 298 (1986), *appeal denied*, 514 Pa.

617, 521 A.2d 932 (1987). Thus, any evidence tending to establish intoxication of a pedestrian is inadmissible, unless it is also proven that the pedestrian was unfit to cross the street due to physical impairment resulting from intoxication; the intoxication and physical impairment may be established by circumstantial evidence, such as "evidence that the injured party was staggering or had liquor on his breath." *Kriner v. McDonald*, 223 Pa.Super. 531, 302 A.2d 392, 394 (1973).

■ The record in this matter contains sufficient circumstantial evidence, from which it may be inferred that at the time of the accident, Chicchi could not hear the whistle due to his physical impairment resulting from intoxication of cocaine. Several witnesses testified that Chicchi did not move or otherwise respond to the loud and shrieking whistle of the approaching train until the impact. At the trial, Chicchi could not explain why he did not hear the whistle. The vials used to package cocaine were found next to Chicchi at the accident scene, and the drug tests performed in the emergency room revealed the "suspected" use of cocaine by Chicchi. In exercising its broad discretion, the trial court determined that any prejudicial effect of the evidence of Chicchi's use of drug was outweighed by its probative value. Therefore, we reject Chicchi's challenge to the trial court's evidentiary rulings on the drug test results and the officers' testimony.

Chicchi next contends that the trial court erred in permitting SEPTA's counsel to cross-examine Dr. Feuer regarding his review of the medical records. Chicchi asserts that SEPTA exceeded the proper scope of cross-examination because Dr. Feuer was never asked about the drug test results contained in the medical records during his direct examination, and that SEPTA improperly presented its defense under the cover of cross-examination.

■ The scope of cross-examination includes the right to examine the witness on any facts tending to refute inferences or deductions arising from the testimony of a

2. The discharge summary in the hospital records stated: "The patient was found in the room after being visited by some friends with crack cocaine vials and cocaine paraphernalia. The drug screen was obtained immediately and showed positive for cocaine metabolites and opiates."

witness on direct examination, thereby affecting his or her credibility. *Havasy v. Resnick,* 415 Pa.Super. 480, 609 A.2d 1326 (1992), *appeal dismissed,* 537 Pa. 114, 641 A.2d 580 (1994). The scope and limits of cross-examination are within the trial court's sound discretion, and the exercise of that discretion will not be reversed in the absence of a clear abuse of discretion or an error of law. *General Equipment Manufacturers v. Westfield Ins. Co.,* 430 Pa.Super. 526, 635 A.2d 173 (1993), *appeal denied,* 537 Pa. 663, 644 A.2d 1200 (1994).

At the trial, Chicchi's counsel initially stated that Dr. Adler would testify that based on his review of the medical records, Chicchi was not under the influence of any drugs or alcohol at the time of the accident. SEPTA's counsel then showed Chicchi's counsel the hospital records containing the result of the urine screen for drugs performed at the hospital on the day of the accident. Thereafter, Chicchi's counsel decided not to ask Dr. Adler about his review of the medical records during his direct examination.

During subsequent direct examination of Dr. Feuer, Chicchi's counsel questioned Dr. Feuer about his opinion rendered in his medical report that Chicchi did not suffer from any psychological disturbances or hallucinations, but had a condition known as a "directed attention phenomenon," which rendered him able to focus on only one thing at a time. On cross-examination, SEPTA's counsel asked Dr. Feuer whether he indicated in his medical report that he reviewed Chicchi's medical records. Dr. Feuer admitted that he had previously testified during the pre-trial videotape deposition regarding his opinion set forth in the medical report that his review of Chicchi's medical records, including the urine and blood tests taken in the emergency room after the accident, indicated that Chicchi was not under the influence of any mind-altering drug, which would have affected his judgment or thinking at the time of the accident.

■ Because Dr. Feuer testified during his direct examination regarding his opinion rendered in his medical report which was based in part on his review of Chicchi's medical records, the questions related to the med-

ical records were within the proper scope of his cross-examination. Further, following Dr. Feuer's cross-examination Chicchi's counsel recalled Dr. Adler and elicited his testimony regarding his interpretation of the term "suspected" use of cocaine in the toxicology report. Therefore, Chicchi's contention that he was unduly prejudiced by the cross-examination of Dr. Feuer about his review of the medical records is without merit.

■ Moreover, "[a]t the trial ... [a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness." Pa. R.C.P. No. 4020(a)(1). In addition "a videotape deposition of a medical witness or any witness called as an expert, ... may be used at trial for any purpose whether or not the witness is available to testify." Pa. R.C.P. No. 4017.1(g). Hence, the trial court properly permitted SEPTA to cross-examine Dr. Feuer regarding his prior statements made during the pre-trial videotape deposition for the purpose of impeaching his credibility.

Chicchi also challenges the trial court's decision to permit SEPTA to admit into evidence Officer Lindenmuth's testimony concerning his telephone interview of Chicchi conducted on May 4, 1994 as part of his investigation of the accident. Chicchi argues that Officer Lindenmuth's testimony was improperly admitted without authenticating the identity of the person, with whom the officer spoke on the telephone.

■ It is well established that a witness may testify regarding his or her telephone conversation, only if the identity of the person, with whom he or she spoke on the telephone, is established. *Smithers v. Light,* 305 Pa. 141, 157 A. 489 (1931). The mere evidence that the party stated during the course of the conversation that he or she was a certain person is not sufficient to establish the identity of the speaker. *Id.* The identity may be established, however, by circumstantial evidence that the person was speaking with authority, or that only that person would likely know the facts revealed during the conversation. *Commonwealth v. De Rohn,* 444 Pa. 334, 282 A.2d 256 (1971).

■ In this matter, Officer Lindenmuth testified that he dialed the phone number for the Medical College of Pennsylvania, that the operator answered, gave him Chicchi's room number and then transferred him to Chicchi's room, and that a gentleman answered the phone and identified himself as Robert Chicchi. Officer Lindenmuth further testified that during his interview, Chicchi responded as follows:

Q. [W]hy were you walking on the train tracks?

A. I walk those tracks all the time.

Q. Did you hear the train blowing its whistle?

A. No, I didn't hear it.

Q. [D]id you have a walkman on?

A. I don't remember.

Q. Do you live in the area?

A. Yes.

N.T., p. 454. Chicchi then stated, "I guess it was my fault. I was high." *Id.* at 455.

In *Commonwealth v. Sullivan,* 372 Pa.Super. 88, 538 A.2d 1363 (1988), *appeal denied,* 521 Pa. 612, 557 A.2d 343 (1989), the Court held that where the witness called a listed telephone number of the party, his or her testimony as to the conversation with the person answering the call and representing himself or herself as the person called is competent evidence supporting the identity of the speaker, even though the witness does not recognize the voice of that person who answered the call. Similarly, Officer Lindenmuth's testimony regarding the placement of the phone call and the facts revealed by Chicchi during the subsequent telephone conversation constitutes sufficient circumstantial evidence supporting the authenticity of the identification of the person, with whom he spoke on the telephone. Therefore, the trial court did not abuse its discretion in allowing Officer Lindenmuth to testify as to his telephone conversation with Chicchi.

■ Chicchi next contends that he is entitled to a new trial because the jury was misled and confused by the inconsistent and contradictory jury instructions. The primary duty of a trial judge in instructing a jury is to clarify the issues so that the jury is able to comprehend the question they are to decide.

*Hannon v. City of Philadelphia,* 120 Pa. Cmwlth. 383, 548 A.2d 693 (1988), *appeal denied,* 522 Pa. 598, 562 A.2d 322 (1989). Where the jury instruction fairly and accurately apprises the jury of the relevant law, a new trial is not warranted. *Strickler v. Huffine,* 421 Pa.Super. 463, 618 A.2d 430 (1992), *appeal denied,* 536 Pa. 630, 637 A.2d 290 (1993). To constitute a reversible error, a jury instruction, when considered in its entirety, must be not only erroneous but also prejudicial to the complaining party. *Milan v. Department of Transportation,* 153 Pa. Cmwlth. 276, 620 A.2d 721 (1993), *appeal denied,* 535 Pa. 650, 633 A.2d 154 (1993).

The trial court initially instructed the jury that SEPTA had a duty to refrain from engaging in a reckless conduct towards a trespasser, and that Chicchi's contributory negligence is not a defense to SEPTA's reckless conduct. The verdict slip given to the jury, however, contained questions on Chicchi's contributory negligence and comparative negligence. Recognizing thereafter that those questions should not have been included in the verdict slip due to its instruction not to consider contributory negligence as a defense, the trial court brought the jury into the courtroom and informed that a new verdict slip would be given later. The next day, the jury submitted six questions to the court. One of those questions stated, "Do we take into account Mr. Chicchi's action?"

■ Where a jury returns on its own motion and indicates confusion, the court has a duty to give such additional instructions on the law, as the court may deem necessary to clarify the jury's doubt or confusion. *Smick v. City of Philadelphia,* 161 Pa.Cmwlth. 622, 638 A.2d 287 (1994), *appeal denied,* 539 Pa. 660, 651 A.2d 546 (1994).

In response to the jury's questions, the trial court gave the jury a new instruction on SEPTA's duties to refrain from a reckless and wanton conduct toward a trespasser and to exercise ordinary and reasonable care, if the trespasser is known to SEPTA. The court further instructed the jury that they should consider whether Chicchi's conduct was in reckless disregard of his own safety and that if both parties' actions were reck-

less, the recklessness should be apportioned between the parties. The trial court also gave the jury a new verdict slip consistent with the modified jury instruction. Chicchi concedes that the trial court correctly stated the applicable law in the modified jury instruction. His counsel even stated that "as far as I'm concerned it was one of the best jury instructions that I have heard." N.T., p. 884.

 It is well established that contradictory jury instructions do not always constitute a reversible error. An erroneous jury instruction can be rendered harmless by a subsequent correct statement of the applicable law, if the jury is expressly and clearly instructed that the latter statement, not the earlier one, is correct. *Morrissey v. Department of Highways,* 440 Pa. 71, 269 A.2d 866 (1970); *Dunlap v. Larkin,* 342 Pa.Super. 594, 493 A.2d 750 (1985).

 Before giving the modified jury instruction, the trial court expressly directed the jury to disregard any inconsistent statements made in its earlier instruction. The trial court stated:

> You asked questions which really require an explanation again on the laws of negligence as they apply in this case. I will given [sic] you some further instruction on the laws of negligence and on the duties required of the parties, both parties in the case.

> And to any extent that whatever I told you earlier in my instructions, to whatever extent they are inconsistent or different from what I tell you now, use what I tell you now. Whatever I told you before, for example, on damages, on credibility and on the burden of proof, that will be nothing inconsistent with what I'm telling you now. So rely on what I told you before.

> But when I come to defining negligent and willful misconduct and so on, the standards of care that have to be observed by the parties, whatever I tell you now is the law you should follow. If there is anything inconsistent with what I said before, this is

what you follow. So there's no mistake, right?

N.T., pp. 842–43.

The trial court's instruction thus left no doubt as to the law to be applied by the jury. Thus, any inconsistent statements made by the trial court in its initial jury instruction were rendered harmless by its subsequent modified jury instruction. Hence, the record does not support Chicchi's claim that he was prejudiced by the contradictory and inconsistent jury instructions.

 Finally, Chicchi contends that he was prejudiced by the trial court's failure to allow his counsel to make a new closing argument after the trial court gave the modified jury instruction on reckless and wanton conducts.

Contrary to Chicchi's contention, the trial court explained the duty owed by a landowner to a trespasser to avoid a reckless or wanton conduct in its initial jury instruction. Moreover, the court went over the jury instruction with both counsel. Because Chicchi's counsel already had the opportunity to present arguments regarding SEPTA's duty during the closing argument, the trial court did not abuse its discretion in refusing to give him another opportunity to do so following the modified jury instruction.

Since the trial court neither abused its discretion nor committed an error of law in denying Chicchi's motion for post-trial relief, the order of the trial court is affirmed.

## O R D E R

AND NOW, this 8th day of March, 1999, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

FLAHERTY, Judge, dissenting.

I respectfully dissent. The trial court erred in permitting the introduction of Mr. Chicchi's potential use of drugs without establishing the necessary predicate required by law, i.e., that Mr. Chicchi was intoxicated and impaired. Because the Majority determines otherwise, I must dissent.

The rules governing admissibility of evidence of drug consumption and intoxication are the same as those governing the admissibility of evidence governing the consumption of alcoholic beverages. *Hawthorne v. Dravo Corp., Keystone Division*, 352 Pa.Super. 359, 508 A.2d 298 (1986), *allocatur denied*, 514 Pa. 617, 521 A.2d 932 (1987). As the Majority notes, the general rule is that evidence of mere consumption of alcohol is inadmissible to prove recklessness of the party. *Whyte v. Robinson*, 421 Pa.Super. 33, 617 A.2d 380 (1992). Only if, in addition to the evidence establishing consumption of alcohol, there is evidence that the consumption of alcohol caused the party to become intoxicated and physically impaired, can an adverse party introduce the evidence of the consumption by and the intoxication of the party. *Id.* Moreover, the Majority is correct that intoxication and physical impairment may be established by circumstantial evidence. *Kriner v. McDonald*, 223 Pa.Super. 531, 302 A.2d 392, 394 (1973). However, I disagree with the Majority's conclusion that the "record in this matter contains sufficient circumstantial evidence, from which it may be inferred that at the time of the accident, Chicchi could not hear the whistle due to his physical impairment resulting from intoxication of cocaine." Maj. op. at 607. There is not sufficient circumstantial evidence to support such a conclusion.

Even viewing the evidence in a light most favorable to SEPTA as required in an appeal from the denial of a post trial motion for a new trial, *Smith v. Southeastern Pennsylvania Transportation Authority*, 707 A.2d 604 (Pa.Cmwlth.1998), the most that can be said is that Mr. Chicchi had ingested cocaine at some time prior to the occurrence of the accident and that he was "high." There is no evidence of record to indicate when he ingested such cocaine or how long after one uses cocaine traces of cocaine can be found via blood or urine testing. Thus, without more, the tests performed at the hospital on Mr. Chicchi on the date of the accident do not establish upon which date he ingested cocaine. Nor is there any evidence of record adduced to show how long the effects of cocaine last. Neither do the tests establish that Mr. Chicchi was impaired or intoxicated

at the time of the accident. Perhaps most troubling is that there is absolutely no evidence whatsoever that cocaine impairs one's ability to hear. This is critical because the Majority appears to rest its entire conclusion of impairment upon the fact that Mr. Chicchi could not hear the train whistle. See Maj. op. at p. 607. This lack of any evidence that cocaine impairs hearing is especially significant in light of the fact that there was a playing walkman found near Mr. Chicchi's body at the accident site. Trial court slip op. at p. 2. Nor is there any other evidence of impairment as, for example, Mr. Chicchi was staggering as he walked or slurring his speech prior to the accident, indicating some functional impairment in motor control. *See, e.g., Ackerman v. Delcomico*, 336 Pa.Super. 569, 486 A.2d 410 (1984)(finding slurred speech, *inter alia*, to constitute sufficient evidence of intoxication); *Couts v. Ghion*, 281 Pa.Super. 135, 421 A.2d 1184 (1980)(finding staggering gait, *inter alia*, observed by police officer to constitute sufficient evidence of intoxication).

Without such predicate evidence, I fail to see the relevance of the fact that at some point in time prior to the accident Mr. Chicchi ingested cocaine. Without such evidence, it was error to permit the introduction of the evidence concerning the presence of cocaine in Mr. Chicchi's system. For, while circumstantial evidence such as staggering or slurred speech may allow a jury to infer *intoxication and impairment*, this record is devoid of such evidence. Moreover, without some evidence that cocaine impairs one's ability to hear, and there is none in this record, the jury cannot be permitted to conclude that Mr. Chicchi was impaired merely because he failed to hear the train whistle. This is especially true given the playing walkman found near him at the accident scene. For without evidence that cocaine affects hearing, the jury is merely guessing that Mr. Chicchi was intoxicated to the point of impairment at the time of the accident, something they are not permitted to do. *Freund v. Hyman*, 377 Pa. 35, 103 A.2d 658 (1954)(a jury is not permitted, however, to speculate or guess). Thus, while the trial court has broad discretion to determine

whether **relevant** evidence ought to be admitted or excluded depending upon whether its probative weight outweighs its potential for prejudice, the trial court has no discretion to admit evidence which is not relevant. *Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431, 437 (1984)("**only** relevant competent evidence is admissible at trial.")(emphasis added); *Commonwealth v. Petroll,* 696 A.2d 817, 839 (Pa.Super.1997)(Johnson, J. dissenting), *allocatur granted in part,* 550 Pa. 167, 703 A.2d 1034 (1997) ("Irrelevant evidence is inadmissable."). Here the evidence of Mr. Chicchi's ingestion of cocaine is not relevant absent a showing that such ingestion rendered Mr. Chicchi intoxicated or impaired at the time of the accident.

Moreover, not only is the evidence of merely ingesting cocaine at some point prior to the accident irrelevant and therefore inadmissible absent a showing of intoxication, the introduction of such evidence is highly prejudicial. What Justice Musmanno, writing for the Court, observed over thirty-five years ago in upholding the exclusion of evidence of alcohol consumption at the "Crazy Bar" without proof of intoxication still holds true regarding the use of drugs today:

> [w]hile proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial ....

*Cook v. Philadelphia Transportation Company,* 414 Pa. 154, 159, 199 A.2d 446, 448 (1964), *quoting, Fisher v. Dye,* 386 Pa. 141, 148, 125 A.2d 472, 476 (1956). And as the Superior Court more recently observed, "[t]he same reasons for excluding evidence of alcohol consumption where intoxication is not proved apply with equal, if not added, force to situations involving the use of marijuana" and we might add, to situations involving the ingestion of cocaine. *Hawthorne v. Dravo Corp.,* 508 A.2d at 303.

Because the trial court permitted the introduction of evidence concerning Mr. Chicchi's potential ingestion of cocaine at some undetermined time prior to the accident without the requisite proof of intoxication and impairment, contrary to law and to the manifest prejudice of Mr. Chicchi, the post trial motions for a new trial should have been granted. Because the Majority affirms the denial of the post trial motions, I respectfully dissent.